**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

RODERICK G. PORTER,              :       CIVIL CASE NO.
         Plaintiff,            :       3:19-cv-01080-JAM

                                  :
VS.                            :
                                  :
CITY OF BRIDGEPORT,         :
         Defendant.         :       SEPTEMBER 3, 2019

      Pursuant to Rule 15(a)(1)(A) and (B) of the Federal Rules of Civil Procedure, the

plaintiff  submits his amended complaint entitled First Substituted Complaint.

**<u>FIRST SUBSTITUTED COMPLAINT</u>**

**I.**    **<u>PRELIMINARY STATEMENT</u>**

    1.    This action seeks declaratory, injunctive, and equitable relief, and compensatory

damages, and costs and attorney fees for the race discrimination suffered by the

plaintiff when the defendant subjected him to a racially hostile work environment,

in violation of the provisions of Title VII of the Civil Rights Act of 1964, as

amended, Title 42 U.S.C. § 1981, and Connecticut General Statutes § 46a-60(b)(1).

    2.    Additionally, this action seeks declaratory, injunctive, and equitable relief, and

compensatory damages, and costs and attorney fees for the retaliation suffered by

the plaintiff when the defendant refused to hire the plaintiff as its Chief of Police because he opposed the racially hostile work environment to which he was subjected, in violation of the provisions of Title 42 U.S.C. § 1981.

3.   In addition, this action seeks declaratory, injunctive, and equitable relief, and compensatory damages, and costs and attorney fees for the retaliation suffered by the plaintiff when the defendant refused to hire the plaintiff as its Assistant Chief of Police and/or Deputy Chief of Police because he opposed the racially hostile work environment to which he was subjected, in violation of the provisions of Title 42 U.S.C. § 1981.

## II.   JURISDICTION

4.   This action arises under the provisions of Title 42 U.S.C. §1981, made actionable against the defendant, City of Bridgeport, pursuant to the provisions of Title 42 U.S.C. § 1983.

5.   Jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1343(a)(3), Title 28 U.S.C. § 1343(a)(4), Title 28 U.S.C. § 220l(a), Title 42 U.S.C. §2000e-5(f), Title 42 U.S.C. § 1981, and Title 42 U.S.C. § 1983.

6.   Jurisdiction over the plaintiff's state law claim is invoked pursuant to the Court's supplemental jurisdiction.

7.   All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil

Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), occurred or have been

complied with in the following manner:

    a.   A charge of employment discrimination on the basis of race, and color was

filed on or about September 19, 2018, with both the State of Connecticut

Commission on Human Rights and Opportunities and the United States

Equal Employment Opportunity Commission, which filings were within 180

days of the commission of the unlawful employment practices alleged

herein;

    b.   On June 28, 2019, the plaintiff was issued a "Notice of Right to Sue" by the

United States Equal Employment Opportunity Commission.  (A copy of

which is attached and labeled *Exhibit 1*).

    c.   On June, 27, 2019, the Connecticut Commission on Human Rights and

Opportunities issued to the plaintiff a "Release of Jurisdiction.  (A copy of

which is attached and labeled *Exhibit 2*).

8.   Declaratory, injunctive, compensatory, and equitable relief is sought pursuant to

Title 28 U.S.C. §2201, and Title 28 U.S.C. §2202.

9. Compensatory damages are sought pursuant to Title 42 U.S.C. §1981 and Title 42 U.S.C. §1981a.

10. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §1988.

### III.   VENUE

11. This action properly lies in the District of Connecticut pursuant to Title 29 U.S.C. §1391(b) because the claims arose in this judicial district.

### IV.   PARTIES

12. The plaintiff, a member of the African American race whose color is Black, is a citizen of the United States, residing in Bridgeport, Connecticut.

13. The defendant is a political subdivision of the State of Connecticut; it is a municipal corporation, organized and existing under the laws of the State of Connecticut.

14. The defendant is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

15. The defendant is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

16. The defendant employs in excess of fifteen employees.

17. The defendant is a person within the meaning of Title 42 U.S.C. § 1983.

18.   The defendant, at all times relevant to this action, acted under color of state law.

V.   **STATEMENT OF FACTS**

19.   In 1993, the defendant hired the plaintiff as a police officer as a member of the Bridgeport Police Department.

20.   From 1993 through 1997, the plaintiff worked a patrol office as a member of the Bridgeport Police Department.

21.   In 1997, the plaintiff was promoted to the position of Sergeant in the Bridgeport Police Department based on his work history and his performance on a competitive eligibility examination.

22.   In 2001, the plaintiff was promoted to the position of Lieutenant in the Bridgeport Police Department based on his work history and his performance on a competitive eligibility examination.

23.   In 2007, the plaintiff was promoted to the position of Captain in the Bridgeport Police Department based on his work history and his performance on a competitive eligibility examination.

24.   Throughout his employment with the defendant, the plaintiff has had an exemplary work record.

25.   Based on his job performance, the plaintiff has served as commanding officer of various divisions and departments of the Bridgeport Police Department including Commanding Officer of the Office of Internal Affairs, Commanding Officer of Community Services/School Resource Officers/School Security Officers, Commanding Officer of the Central Precinct, Commanding Officer of Professional Standards Division, Commanding Officer of A - Shift Patrol Division, Commanding Officer of Detective Division, and Commanding Officer of Special Services Division.

26.   In June of 2018, Chief of Police A.J. Perez of the Bridgeport Police Department became aware that Captain Mark Straubel ("Straubel"), the Chief of Police's assistant, had composed the most vile and reprehensible racist text messages in referring to the plaintiff's race, African-American, and color, Black.  *Exhibit 3*.

27.   Chief of Police A.J. Perez, instead of immediately initiating an investigation into the racist messages composed by Straubel, concealed Straubel's activities, and interfered with a third-party, Kenneth Kubel ("Kubel"), a member of the Stratford Police Department, from disclosing Straubel's behavior.

28.   Kubel had discovered the text messages on the cell phone of a family member to whom Straubel had communicated the messages.

6

29.   Bridgeport Chief of Police A.J. Perez, under the guise of investigating Straubel's conduct, requested that Kubel's supervisors in the Stratford Police Department persuade him from filing a complaint with the Bridgeport Police Department about Straubel's racist behavior.

30.   Even after Kubel filed a complaint with the Bridgeport Police Department, Chief of Police A.J. Perez took no action against Straubel, nor did he initiate an investigation into the extent and pervasiveness of Straubel's racist conduct.

31.   When Kubel filed a complaint with the Bridgeport Police Department about the conduct of Straubel, the Bridgeport Office of Internal Affairs finally initiated an investigation into Straubel's racist behavior, however, aborting its investigation once Straubel retired as a member of the Bridgeport Police Department.

32.   The defendant, its Police Department, and its Chief of Police failed to investigate the conduct of Straubel, and the racist messages which he specifically directed at the plaintiff.

33.   Chief of Police A.J. Perez's failed to initiate an investigation into Straubel's violation of the plaintiff's civil rights, instead restricting the Office of Internal Affairs' investigation to violations of police department rules and regulations.

34.    Chief of Police A.J. Perez's inaction in addressing the racist conduct directed at the plaintiff by Straubel, amounts to unlawful racial harassment of the plaintiff that fostered a racially hostile work environment within which the plaintiff was made to work.

35.    The text messages of Captain Straubel, coupled with the inaction of Chief of Police A.J. Perez, created a hostile work environment in which the plaintiff was forced to work.

36.    The defendant chose not to take reasonable steps to address the racially harassing behavior which Straubel directed at the plaintiff.

37.    The defendant remained silent in the face of the racially hostile conduct of Straubel and took no action to address such conduct.

38.    After Straubel's comments were made public, the defendant ignored the impact such racially hostile comments would have on the plaintiff who was the specific target of Straubel's racial hostility.

39.    Not a single official of the defendant, not its Mayor nor its Chief of Police, conferred with the plaintiff to discuss the harm Straubel's comments had caused him.

40.   Not a single official of the defendant, not its Mayor nor its Chief of Police, countered the comments that Straubel directed at the plaintiff.

41.   Although Straubel's racist messages have been publicly disseminated through the news medium, as of the present date, the defendant, its Mayor, and its Chief of Police have failed to publicly address the hostile work environment that Straubel's racist remarks created for the plaintiff.

42.   The failure to voice support for the plaintiff against the racist text messages of Straubel resulted in a racially hostile work environment within which the plaintiff was made to work.

43.   The plaintiff, as noted above, filed a charge of employment discrimination on the basis of race, and color against the defendant or about September 19, 2018 with the State of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission.

44.   The defendant was served with the plaintiff's complaint on or about October 11, 2018.

45.   In 2018, the plaintiff was a candidate for the vacant position of Chief of Police in the Bridgeport Police Department.

46.   On or about March 1, 2016, the defendant had appointed A.J. Perez the acting Chief of Police for the Bridgeport Police Department.

47.   On or about November 15, 2018, A.J. Perez was appointed permanent Chief of Police for the City of Bridgeport.

48.   Although the plaintiff had superior qualifications to those of A.J. Perez to serve as Chief of Police, the defendant refused to appoint the plaintiff to the position of Bridgeport Chief of Police because he had opposed  Straubel's racist comments as well as the race based hostile work environment within which the plaintiff was forced to work.

49.   Although the plaintiff had superior qualifications to those of A.J. Perez to serve as Chief of Police, the defendant refused to appoint the plaintiff to the position of Bridgeport Chief of Police because he had opposed  Straubel's racist comments by filing discrimination complaints with the State of Connecticut Commission on Human Rights and Opportunities, and the United States Equal Employment Opportunity Commission.

50.    Prior to the plaintiff voicing opposition to the hostile work environment in which he was forced to work, the defendant had indicated to the plaintiff that he was under

consideration for appointment to the position of Deputy Chief or Assistant Chief in the Bridgeport Police Department.

51.    After the plaintiff voiced opposition to the hostile work environment in which he was forced to work, the plaintiff was no longer considered a candidate for appointment to the position of Assistant Chief and/or Deputy Chief.

52.    The racially hostile work environment to which the plaintiff had been subjected has not been addressed by the defendant in any meaningful manner.

53.    The defendant has not taken any meaningful steps to investigate and address Straubel's racist text messages.

54.    The Chief of Police took no meaningful action to address Straubel's racist text messages, instead he terminated the limited investigation supposedly being conducted by the defendant's Office of Internal Affairs.

55.    The Chief of Police participated in the discrimination of the plaintiff to the same extent as the author of the racist text messages by not taking effective measures to address the unlawful conduct to which the plaintiff was subjected.

**VI.    FIRST CAUSE OF ACTION (Unlawful Discrimination In Violation Of Title VII Of The Civil Rights Act Of 1964)**

56-110.  The plaintiff incorporates as if re-alleged paragraphs 1 through 55.

111.    Straubel's actions created a hostile work environment characterized by unlawful harassment directed by Straubel at the plaintiff because of the plaintiff's race.

112.    Straubel's conduct was so severe that it interfered with the plaintiff's ability to do his job.

113.    A reasonable person in the plaintiff's position would find Straubel's conduct to be highly offensive.

114.    A reasonable person in the plaintiff's position would find that Straubel's conduct would substantially interfere with his or her job performance.

115.    Although the Chief of Police knew of Straubel's conduct, he took no meaningful action to address Straubel's offensive conduct.

116.    The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged from his treatment by the defendant unless the defendant is enjoined by this Court.

117.    The plaintiff is now suffering and will continue to suffer emotional distress as a direct result of the hostile environment in which he was made to work.

118.    The plaintiff was subjected to a hostile work environment which the defendant failed to address.

119.    The defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended, when it allowed the plaintiff to be subjected to a racially hostile work environment created by Captain Straubel's racist debasing behavior.

120.    The defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended, when, through its inaction, it allowed the plaintiff to be subjected to a hostile work environment.

121.    The defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended, when it failed to adequately investigate the racist actions that Straubel directed at the plaintiff.

**VII.    SECOND CAUSE OF ACTION (Unlawful Discrimination in Violation of Title 42 U.S.C. § 1981)**

122-176. The plaintiff incorporates as if re-alleged paragraphs 1 through 55.

177.    Straubel's actions created a hostile work environment characterized by unlawful harassment directed by Straubel at the plaintiff because of the plaintiff's race.

178.    Straubel's conduct was so severe that it interfered with the plaintiff's ability to do his job.

179.    A reasonable person in the plaintiff's position would find Straubel's conduct to be highly offensive.

180.    A reasonable person in the plaintiff's position would find that Straubel's conduct would substantially interfere with his or her job performance.

181.    Although the Chief of Police knew of Straubel's conduct, he took no meaningful action to address Straubel's offensive conduct.

182.    The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged from his treatment by the defendant unless the defendant is enjoined by this Court.

183.    The plaintiff is now suffering and will continue to suffer emotional distress as a direct result of the hostile environment in which he was made to work.

184.    The plaintiff was subjected to a hostile work environment which the defendant failed to address.

185.    The defendant violated the provisions of Title 42 U.S.C. § 1981, when it allowed the plaintiff to be subjected to a racially hostile work environment created by Captain Straubel's racist debasing behavior.

186.    The defendant violated the provisions of Title 42 U.S.C. § 1981, when, through its inaction, it allowed the plaintiff to be subjected to a hostile work environment.

187.    The defendant violated the provisions of Title 42 U.S.C. § 1981, when it failed to adequately investigate the racist actions that Straubel directed at the plaintiff.

188.   Title 42 U.S.C. §1981 is made actionable against the defendant by application of

Title 42 U.S.C. §1983.

**VIII.   THIRD CAUSE OF ACTION (Unlawful Discrimination In Violation Of The Connecticut Fair Employment Practices Act § 42a-60(b)(1))**

189-243. The plaintiff incorporates as if re-alleged paragraphs 1 through 55.

244.   Straubel's actions created a hostile work environment characterized by unlawful

harassment directed by Straubel at the plaintiff because of the plaintiff's race.

245.   Straubel's conduct was so severe that it interfered with the plaintiff's ability to do his job.

246.   A reasonable person in the plaintiff's position would find Straubel's conduct to be highly

offensive.

247.   A reasonable person in the plaintiff's position would find that Straubel's conduct would

substantially interfere with his or her job performance.

248.   Although the Chief of Police knew of Straubel's conduct, he took no meaningful action to

address Straubel's offensive conduct.

249.   The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs

alleged from his treatment by the defendant unless the defendant is enjoined by this Court.

250.   The plaintiff is now suffering and will continue to suffer emotional distress as a direct result

of the hostile environment in which he was made to work.

251.   The plaintiff was subjected to a hostile work environment which the defendant failed to address.

252.   The defendant violated the provisions of Connecticut General Statutes §46a-60(b)(1), when it allowed the plaintiff to be subjected to a racially hostile work environment created by Captain Straubel's racist debasing behavior.

253.   The defendant violated the provisions of Connecticut General Statutes §46a-60(b)(1), when, through its inaction, it allowed the plaintiff to be subjected to a hostile work environment.

254.   The defendant violated the provisions of Connecticut General Statutes §46a-60(b)(1), when it failed to adequately investigate the racist actions that Straubel directed at the plaintiff.

IX.    **FOURTH CAUSE OF ACTION (Unlawful Retaliation In Violation Of Title 42 U.S.C. § 1981)**

255-309.The plaintiff incorporates as if re-alleged paragraphs 1 through 55.

310.   The plaintiff has been subjected to retaliation by the defendant because he objected to the racially hostile work environment created by Straubel's racist text messages and the defendant's failure to take meaningful action to address the Straubel's racist behavior.

311.   The plaintiff has been subjected to retaliation by the defendant because he objected to the racially hostile work environment created by Straubel's racist text messages and the

defendant's failure to take meaningful action to address the Straubel's racist behavior by filing complaints with the State of Connecticut Commission on Human Rights and Opportunities, and the United States Equal Employment Opportunity Commission.

312.    The defendant retaliated against the plaintiff by refusing to appoint him to the position of Chief of Police in the Bridgeport Police Department even though he was more qualified than A.J. Perez, the candidate selected by the defendant to serve as Chief of Police.

313.    The defendant retaliated against the plaintiff by refusing to appoint him to the position of Assistant Chief of Police and/or Deputy Chief of Police in the Bridgeport Police Department.

314.    Prior to the plaintiff voicing opposition to the hostile work environment in which he was forced to work, and filing complaints with the United States Equal Employment Opportunity Commission, and the State of Connecticut Commission on Human Rights and Opportunities, the defendant had indicated to the plaintiff that he was under consideration for appointment to the position of Deputy Chief or Assistant Chief in the Bridgeport Police Department.

315.    The defendant discriminated against the plaintiff on the basis of the plaintiff's opposition to the defendant's unlawful race discrimination when he objected to the racially hostile work environment within which he was forced to work by filing complaints with the United

States Equal Employment Opportunity Commission and the State of Connecticut Commission on Human Rights and Opportunities.

316. Because the plaintiff's opposition to the defendant's race and color discrimination was the determinative factor in the retaliatory treatment to which the plaintiff was subjected by the defendant, the defendant violated Title 42 U.S.C. § 1981.

317. After the plaintiff voiced opposition to the hostile work environment in which he was forced to work, the defendant no longer considered the plaintiff as a candidate for appointment to the position of Assistant Chief and/or Deputy Chief.

318. But for the plaintiff's opposition to the racially hostile work environment within which he was made to work, the defendant would have appointed the plaintiff to the position of Chief of Police.

319. But for the plaintiff's opposition to the racially hostile work environment within which he was made to work, the defendant would have appointed the plaintiff Assistant Chief of Police or Deputy Chief of Police.

320. Notwithstanding the retaliatory conduct to which the plaintiff has been subjected, the plaintiff has continued to perform his job duties as Police Captain in a capable and professional manner.

321. The plaintiff is fully qualified to serve as the Chief of Police for the City of Bridgeport.

322.     The plaintiff is fully qualified to serve as Assistant Chief of Police for the City of
         Bridgeport.

323.     The plaintiff is fully qualified to serve as Deputy Chief of Police for the City of Bridgeport.

324.     The plaintiff is now and will continue to suffer emotional distress as a direct result of the
         defendant's unlawful retaliation.

325.     The plaintiff has suffered and will continue to suffer economic injury as a direct result of
         the defendant's unlawful retaliation.

**X.     FIFTH CAUSE OF ACTION (Unlawful Retaliation In Violation Of The
         Connecticut Fair Employment Practices Act § 42a-60(b)(4))**

326-380. The plaintiff incorporates as if re-alleged paragraphs 1 through 55.

381.     The plaintiff has been subjected to retaliation by the defendant because he objected to the
         racially hostile work environment created by Straubel's racist text messages and the
         defendant's failure to take meaningful action to address the Straubel's racist behavior.

382.     The defendant retaliated against the plaintiff by refusing to appoint him Chief of Police
         even though he was more qualified than A.J. Perez, the candidate selected by the defendant
         to serve as Chief of Police.

383.     The defendant retaliated against the plaintiff by refusing to appoint him to the position of
         Assistant Chief of Police and/or Deputy Chief of Police.

384.   Prior to the plaintiff voicing opposition to the hostile work environment in which he was forced to work, and filing complaints with the State of Connecticut Commission on Human Rights and Opportunities, and the United States Equal Employment Opportunity Commission, the defendant had indicated to the plaintiff that he was under consideration for appointment to the position of Deputy Chief or Assistant Chief in the Bridgeport Police Department.

385.   The defendant discriminated against the plaintiff on the basis of the plaintiff's opposition to the defendant's unlawful race discrimination when he objected to the racially hostile work environment within which he was forced to work by filing complaints with the United States Equal Employment Opportunity Commission and the State of Connecticut Commission on Human Rights and Opportunities.

386.   Because the plaintiff's opposition to the defendant's race and color discrimination was the determinative and/or motivating factor in the retaliatory treatment to which the plaintiff was subjected by the defendant, the defendant violated Connecticut General Statutes § 46a-60(b)(4).

387.   After the plaintiff voiced opposition to the hostile work environment in which he was forced to work, the defendant no longer considered the plaintiff as a candidate for appointment to the position of Assistant Chief and/or Deputy Chief.

388.    But for the plaintiff's opposition to the racially hostile work environment within which he was made to work, the defendant would have appointed the plaintiff Chief of Police for the City of Bridgeport.

389.    But for the plaintiff's opposition to the racially hostile work environment within which he was made to work, the defendant would have appointed the plaintiff Assistant Chief of Police or Deputy Chief of Police for the Bridgeport Police Department.

390.    Notwithstanding the retaliatory conduct to which the plaintiff has been subjected, the plaintiff has continued to perform his job duties as Police Captain in a capable and professional manner.

391.    The plaintiff is fully qualified to serve as the Chief of Police for the City of Bridgeport.

392.    The plaintiff is fully qualified to serve as Assistant Chief of Police for the City of Bridgeport.

393.    The plaintiff is fully qualified to serve as Deputy Chief of Police for the City of Bridgeport.

394.    The plaintiff is now and will continue to suffer emotional distress as a direct result of the defendant's unlawful retaliation.

395.    The plaintiff has suffered and will continue to suffer economic injury as a direct result of the defendant's unlawful retaliation.

**XI.     SIXTH CAUSE OF ACTION (Unlawful Retaliation In Violation Of Title VII of the Civil Rights Act of 1964, as amended)**

396-450.     The plaintiff incorporates as if re-alleged paragraphs 1 through 55.

451.    The plaintiff has been subjected to retaliation by the defendant because he objected to the racially hostile work environment created by Straubel's racist text messages and the defendant's failure to take meaningful action to address the Straubel's racist behavior.

452.    The plaintiff has been subjected to retaliation by the defendant because he objected to the racially hostile work environment created by Straubel's racist text messages and the defendant's failure to take meaningful action to address the Straubel's racist behavior by filing complaints with the State of Connecticut Commission on Human Rights and Opportunities, and the United States Equal Employment Opportunity Commission.

453.    The defendant retaliated against the plaintiff by refusing to appoint him to the position of Chief of Police in the Bridgeport Police Department even though he was more qualified than A.J. Perez, the candidate selected by the defendant to serve as Chief of Police.

454.    The defendant retaliated against the plaintiff by refusing to appoint him to the position of Assistant Chief of Police and/or Deputy Chief of Police in the Bridgeport Police Department.

455.    Prior to the plaintiff voicing opposition to the hostile work environment in which he was forced to work, and filing complaints with the United States Equal Employment Opportunity Commission, and the State of Connecticut Commission on Human Rights and

Opportunities, the defendant had indicated to the plaintiff that he was under consideration for appointment to the position of Deputy Chief or Assistant Chief in the Bridgeport Police Department.

456.    The defendant discriminated against the plaintiff on the basis of the plaintiff's opposition to the defendant's unlawful race discrimination when he objected to the racially hostile work environment within which he was forced to work by filing complaints with the United States Equal Employment Opportunity Commission and the State of Connecticut Commission on Human Rights and Opportunities.

457.    Because the plaintiff's opposition to the defendant's race and color discrimination was the determinative factor in the retaliatory treatment to which the plaintiff was subjected by the defendant, the defendant violated Title VII of the Civil Rights Act of 1964, as amended.

458.    After the plaintiff voiced opposition to the hostile work environment in which he was forced to work, the defendant no longer considered the plaintiff as a candidate for appointment to the position of Assistant Chief and/or Deputy Chief.

459.     But for the plaintiff's opposition to the racially hostile work environment within which he was made to work, the defendant would have appointed the plaintiff to the position of Chief of Police.

460.    But for the plaintiff's opposition to the racially hostile work environment within which he was made to work, the defendant would have appointed the plaintiff Assistant Chief of Police or Deputy Chief of Police.

461.    Notwithstanding the retaliatory conduct to which the plaintiff has been subjected, the plaintiff has continued to perform his job duties as Police Captain in a capable and professional manner.

462.    The plaintiff is fully qualified to serve as the Chief of Police for the City of Bridgeport.

463.    The plaintiff is fully qualified to serve as Assistant Chief of Police for the City of Bridgeport.

464.    The plaintiff is fully qualified to serve as Deputy Chief of Police for the City of Bridgeport.

465.    The plaintiff is now and will continue to suffer emotional distress as a direct result of the defendant's unlawful retaliation.

466.    The plaintiff has suffered and will continue to suffer economic injury as a direct result of the defendant's unlawful retaliation.

XI.   **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

As to all Causes of Action:

    (a)    Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

    (b)    Enjoin the defendant from engaging in such conduct;

    (c)    Order the defendant to appoint the plaintiff to the position of Chief of Police of the Bridgeport Police Department;

    (d)    Award the plaintiff economic damages based on his loss of income;

    (e)    Award plaintiff compensatory damages;

    (f)    Award plaintiff costs and attorney fees; and

    (g)    Grant such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – RODERICK G. PORTER

BY/s/ Thomas W. Bucci
    Thomas W. Bucci
    Fed. Bar #ct07805
    WILLINGER, WILLINGER & BUCCI, P.C.
    855 Main Street
    Bridgeport, CT  06604
    Tel: (203) 366-3939
    Fax: (203) 337-4588
    Email: thomaswbucci@outlook.com

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

PLAINTIFF'S
EXHIBIT

| To: | Roderick G. Porter | From: | Boston Area Office |
|---|---|---|---|
| | 90 Woodmere Road | | John F. Kennedy Fed Bldg |
| | Bridgeport, CT 06610 | | Government Ctr, Room 475 |
| | | | Boston, MA 02203 |

☐  On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2019-00176 | Amon L. Kinsey, Jr., Supervisory Investigator | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)        **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____         June 28, 2019
Feng K. An,                              (Date Mailed)
**Area Office Director**

Enclosures(s)

cc:

**CITY OF BRIDGEPORT**           Thomas W. Bucci, Esq,.
**999 Broad Street**             Willinger, Willinger & Bucci, P.C.
**Bridgeport, CT 06604**         855 Main Street
                                 Bridgeport, CT 06604

PLAINTIFF'S
EXHIBIT
2
ALL-STATE LEGAL

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Roderick G. Porter
**COMPLAINANT**

CHRO No. 1920121

vs.

EEOC No. 16A-2019-00176

City of Bridgeport
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** June 27, 2019

Tanya A. Hughes, Executive Director

Service:
Complainant: Roderick G. Porter, via email: Roderick.porter@gmail.com
Complainant's Counsel: Thomas W. Bucci, Esq., via email: tbucci@wwblaw.com
Respondent's Counsel: John R. Mitola, Esq., via email: john.mitola@bridgeportct.gov



erizon LTE          12:04 PM



erizon LTE          11:49 PM          80%

Mark Straubel



Lol

Trust me ...   look it up later

I asked porter if he had seen planet of the apes

He said...Yes

I asked him if it made him homesick



 Verizon LTE    12:53 PM     100%

‹ Home

Mark Straubel

Omg so extreme. Not all are bad

Yes.  They are a cancer.

 When you remove a cancer you take some healthy tissue

What lol??  You are crazy!!!!

 No.  It's a war for survival.  They seek our extinction

You need to stop drinking

 Nope.  It's true

**..ell** Verizon  LTE       2:08 PM        100%

< **10**       **2 Messages**       ∧

< Home     Mark Straubel >     
             Active now

> Only so much you can do.  Maybe porter chief

No.  Becky

He makes me sick

 Place makes me sick

> What else can you do

 He's not even marching in nigger parade but I have to



> Then maybe her being chief wound be good.  Less stress

    Aa      

| I | You | He |

Q   W   E   R   T   Y   U   I   O   P